Citation Nr: 1448557 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-13 542 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to service connection for a bilateral knee disability.

2. Entitlement to service connection for a bilateral hearing loss disability.

3. Entitlement to service connection for a right shoulder disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse



ATTORNEY FOR THE BOARD

J.A. Flynn, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 2000 to January 2004.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from two rating decisions of the Department of Veterans Affairs (VA) Regional Office in Lincoln, Nebraska (RO). A January 2009 rating decision, in part, denied service connection for a bilateral hearing loss disability and a right shoulder strain. A February 2009 rating decision denied service connection for a bilateral knee disability.

The Veteran and his spouse testified before undersigned in April 2011, and a transcript of this hearing is of record. 

These matters have previously been before the Board, most recently in March 2014. The Board requested that the Veteran be scheduled for additional examinations, but he failed to report to his scheduled examinations without offering an explanation for such failure. The Board finds that there has been substantial compliance with its remand instructions. Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141 (1999). 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of this electronic record.





FINDING OF FACT

The weight of the competent and credible evidence of record is against a finding that a current bilateral knee disability, bilateral hearing loss disability, or right shoulder disability is related to the Veteran's service.


CONCLUSION OF LAW

The criteria for service connection for a bilateral knee disability, bilateral hearing loss disability, or right shoulder disability have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310, 3.385 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). In this case, the RO provided all required notice in November 2008. Additionally, neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claim at this time is warranted. 

With respect to the duty to assist, VA has done everything reasonably possible to assist the Veteran with respect to this claim for benefits. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159(c) (2014). The Veteran's service treatment records, private treatment records, and VA treatment records have been obtained, to the extent available. 

The Veteran was provided with a VA examination of his bilateral hearing loss disability and right shoulder disability in December 2008. The VA examiners reviewed the Veteran's claim file, past medical history, recorded the Veteran's current complaints and history, conducted an appropriate evaluation, and provided an appropriate diagnosis and opinion consistent with the remainder of the evidence of record. The December 2008 VA examination reports are therefore adequate for the purpose of rendering a decision on appeal. 38 C.F.R. § 4.2 (2014); Barr v. Nicholson, 21 Vet. App. 303 (2007). 

The Veteran has suggested that the December 2008 examinations of his bilateral hearing loss disability and right shoulder disability did not adequately describe the nature of the disabilities. Additionally, the Veteran has not been afforded a VA examination to address his claimed bilateral knee disability, and he claims that such an examination is necessary. In response to these concerns, the Board twice remanded the Veteran's claims in order to provide him with additional VA examinations. The Veteran was scheduled to receive VA examinations addressing his hearing loss, right shoulder, and bilateral knees in January 2012. The Veteran failed to appear for these examinations, and in February 2014, the Veteran's representative stated that the Veteran failed to receive notice regarding the scheduled examinations. The Board again remanded the Veteran's claims in order to afford him with medical examinations. The Veteran was sent a letter at his last known location, informing him that examinations were going to be scheduled, and notice that examinations had been scheduled for June 2014 was also provided. Unfortunately, the Veteran once again failed to appear for these examinations. Neither the Veteran nor his representative has alleged good cause for the Veteran's failure to appear at the June 2014 examination. 

Accordingly, the duty to assist has been satisfied to the extent possible based on the Veteran's own unwillingness to cooperate in the development of the medical evidence of record). See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) (stating that "the duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence"). When the veteran fails to report to an examination in conjunction with a claim for service connection, the claim must be adjudicated based on the evidence of record. 38 C.F.R. § 3.655 (2014). Accordingly, the Board will evaluate the Veteran's claim based on the evidence currently of record. Thus, the duties to notify and assist have been met, and the Board will proceed to a decision.

Service Connection for a Bilateral Knee Disability and a Bilateral Hearing Loss Disability

The Veteran argues that he has a bilateral knee disability and bilateral hearing loss as a result of his in-service experiences. These claims will be discussed together because they fail for the same reason: the evidence does not establish the presence of a current disability.

With respect to the Veteran's claim for service connection for bilateral hearing loss, service connection for impaired hearing is warranted only when hearing status as determined by audiometric testing meets specified puretone and speech recognition criteria. Audiometric testing measures threshold hearing levels in decibels over a range of frequencies in Hertz. Hensley v. Brown, 5 Vet. App. 155, 158 (1993). VA considers impaired hearing to be a disability when (a) the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater, or; (b) the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater, or; (c) speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2014). As such, a Veteran could conceivably have diminished hearing acuity, but not have a hearing disability for VA purposes.

A December 2008 audiology examination recorded the following puretone thresholds, in decibels:


HERTZ

500
1000
2000
3000
4000
LEFT
15
5
10
15
15
RIGHT
10
10
0
15
10

The Maryland CNC speech discrimination score was 100 percent for both ears.

Upon review of these results, at no time has the Veteran's auditory thresholds in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz been 40 decibels or greater, nor has the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz been 26 decibels or greater, nor have speech recognition scores using the Maryland CNC Test been less than 94 percent. 38 C.F.R. § 3.385 (2014). The Board observes no other audiological testing of record demonstrating the presence of a bilateral hearing loss disability.

The Veteran, as a lay person, is competent to report what comes to him through his senses, and he can therefore report perceiving diminished hearing acuity, but he lacks the medical training and expertise to provide a complex medical opinion such as determining whether a hearing loss disability has been established for VA purposes as such a determination requires audiometric testing and professional training. See Layno v. Brown, 6 Vet. App. 465 (1994), Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). 

Therefore, while the Veteran's hearing acuity may have worsened over time, and while he may believe that he has a hearing loss disability, the medical evidence of record does not establish a current bilateral hearing loss "disability" for VA purposes, and the Veteran's claim for service connection for a bilateral hearing loss disability fails on this basis alone. 

With respect to the Veteran's claim for service connection for a bilateral knee disability, in April 2009, the Veteran's private physician indicated that the Veteran's current bilateral knee pain was the result of physical activities required of the Veteran while in the United States Marine Corps. The physician did not, however, identify a specific knee disability. VA does not generally grant service connection for symptoms alone, without an identified basis for those symptoms. The VA needs to identify a disability, not symptoms of a disability. Accordingly, service connection cannot be granted for symptoms of a disability. In his April 2011 hearing before the undersigned, the Veteran testified that he had been diagnosed with arthritis in his knees, but the Veteran acknowledged that such a diagnosis had not been based on any x-rays of his knees, but was instead based on his reported symptomatology. 

The record otherwise does not contain medical evidence supporting the Veteran's statement that he has been diagnosed with arthritis of the knees.

With respect to the Veteran's lay statements regarding difficulty hearing and bilateral knee pain, the Board has no reason to doubt that the Veteran currently experiences such symptoms. The Veteran is competent to testify as to such. Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007); Barr v. Nicholson, 21 Vet. App. 303 (2007). The Veteran's lay assertions prompted VA to request testing of the Veteran's claimed hearing loss and bilateral knees to determine whether the symptoms he experienced amounted to a disability for VA purposes. As noted above, however, the evidence of record does not contain audiological findings consistent with a bilateral hearing loss disability as defined by the pertinent regulations. Additionally, the Veteran failed to appear on multiple occasions for scheduled knee examinations, and it was explained to him in the remand that his complaints of knee pain alone were not considered to constitute a disability. The Veteran, as a layperson, is not competent to report that any symptoms that he currently experiences rise to the level of a "disability" for VA purposes. Thus, while the Veteran's hearing may not be as good as it once was, and while his knees may be painful, the Veteran's statements are not found to be sufficient to establish a current bilateral hearing loss disability or bilateral knee disability at this time. 

The Board concludes that the preponderance of the evidence is against granting service connection for the Veteran's bilateral knee disability or bilateral hearing loss disability. As the preponderance of the evidence is against the claims, the claims are denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service Connection for a Right Shoulder Disability

In general, service connection may be granted for disability or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2014). In order to establish service connection for a claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence, generally medical, of a nexus between the claimed in-service disease or injury and the current disability. Hickson v. West, 12 Vet. App. 247 (1999). 

Service connection may also be granted for any disease initially diagnosed after service, when the evidence establishes that the disease was incurred in service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d). The disease entity for which service connection is sought must be chronic rather than acute and transitory in nature. For the showing of chronic disease in service, a combination of manifestations must exist sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." For certain chronic diseases set forth in 38 C.F.R. § 3.309, a continuity of symptomatology is required when the condition noted during service is not shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (noting that a "continuity of symptomatology" as specified in 38 C.F.R. § 3.303(b) affords an alternative route to service connection only for specific chronic diseases). The Board notes, however, that the Veteran's right shoulder disability is not listed among the chronic diseases set forth in 38 C.F.R. § 3.309, and therefore service connection cannot be established based solely on a continuity of symptomatology. See Walker, supra.

The medical evidence shows that the Veteran was diagnosed with a right shoulder strain in December 2008. In January 2010, the Veteran was diagnosed with a tear of the rotator cuff, supraspinatus, and possibly a partial biceps and partial labral defect. 

With respect to an in-service event, disease, or injury, in April 2002, the Veteran was diagnosed with a right shoulder contusion. In a September 2003 Report of Medical Assessment, the Veteran did not list a right shoulder disability among the conditions for which he intended to seek VA disability. 

With a current disability being shown and an in-service event, disease, or injury of record, the remaining issue is whether there is a nexus, or connection, between the Veteran's in-service experiences and his current right shoulder disability. 

Regarding medical evidence of nexus, the medical evidence indicates that the Veteran underwent his first post-service medical treatment for a right shoulder condition in December 2009. At that time, the Veteran complained of a history of a right shoulder injury as a result of having his arm stretched across his body while participating in martial arts. The Veteran underwent a VA examination in December 2008 at which he contended that his right shoulder was injured during martial arts training in 2001 when his arm "was forced downward." The Veteran stated that he experienced an immediate sharp pain, but x-ray examinations at the time were normal. After examining the Veteran, considering his symptoms, and diagnosing him with a right shoulder strain, the examiner found that it was less likely than not that the Veteran's current intermittent shoulder strain was related to his in-service shoulder treatment. As a rationale for this opinion, the examiner noted that during the last seven years, the Veteran's symptoms had been minimal with no deterioration. 

To the extent that the Veteran believes that his right shoulder disability is related to his service, the Board notes that the Veteran is competent to provide testimony concerning factual matters of which he has first-hand knowledge and experiences through his senses. Barr v. Nicholson, 21 Vet. App. 303 (2007); Washington v. Nicholson, 19 Vet. App. 362 (2005). Further, under certain circumstances, lay statements may support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). VA provided the Veteran with an examination based in part on the competency of those observations.

Lay persons are also competent to provide opinions on some medical issues. Kahana v. Shinseki, 24 Vet. App. 428 (2011). However, as to the etiology of a right shoulder disability, the issue of causation of such a medical condition is a medical determination outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Thus, although the Board has carefully considered the lay contentions of record suggesting that the Veteran's right shoulder disability is related to his service, the Board ultimately affords the objective medical evidence of record, which is against finding such a connection, with greater probative weight than the lay opinions, as it was provided by a medical professional and concerned the internal functioning of a joint, something that was not readily perceivable by the use of a person's senses. 

The Board is also aware of the provisions of 38 C.F.R. § 3.303(b), referenced above, relating to chronicity and continuity of symptomatology. As noted above, the Veteran's diagnosed right shoulder disabilities are not listed among the chronic disabilities for which the nexus element of Hickson may be met via a continuity of symptomatology. Further, the Veteran first complained of right shoulder pain in December 2009, more than five years after his separation from service. The Board finds that the weight of the evidence does not support a finding of continuous symptoms since active duty. Accordingly, the nexus element of Hickson may not be met via continuity of symptomatology.

Of note, the Board attempted to obtain a second medical opinion regarding the Veteran's should to address several tears in the shoulder, but the Veteran twice failed to attend the scheduled VA examinations.

The Board concludes that the preponderance of the evidence is against granting service connection for the Veteran's right shoulder disability. As the preponderance of the evidence is against the claim, the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).








ORDER

Service connection for a bilateral knee disability is denied.

Service connection for a bilateral hearing loss disability is denied.

Service connection for a right shoulder disability is denied.


____________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs